COURT OF APPEALS OF VIRGINIA


Present: Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia


JOSE ALBERTO OSORIO

v.      Record No. 0906-10-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
MAY 31, 2011


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Megan Thomas (King, Campbell & Poretz, PLLC, on brief), for
appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


I.  Introduction

Jose Alberto Osorio asserts the trial court erred in sustaining the Commonwealth's

objection that two of his peremptory strikes were racially motivated in violation of Batson v.

Kentucky, 476 U.S. 79 (1986).  We disagree and affirm his convictions.

II.  Relevant Facts[1]

Osorio made five peremptory strikes pursuant to Code § 19.2-262.[2]  The Commonwealth

objected to Osorio's use of three peremptory strikes on African-American jurors, arguing two of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We will recite only the facts relevant to the issue for resolution.

[2] Code § 19.2-262 provides in pertinent part:

       (B) Twelve persons from a panel of twenty shall constitute a jury
       in a felony case. . . .

the three "offered nothing . . . which would justify the strike other than their color and their age."

The Commonwealth withdrew its objection to the third juror, conceding there was race-neutral

justification for striking her. Osorio's attorney explained he struck Juror No. 12 because she

"was not engaged, at all, in voir dire," and counsel thought "she ha[d] a bit of a scowl, she just

did not seem like she was going to be interested in entering judgment." Counsel continued,

explaining he struck Juror No. 17 because:

> she specifically sat there with her arms crossed, making faces at
> different times. Again, just did not appear to be involved at all,
> until the Court - - actually until counsel reminded me that they
> were - - their age and their race - - that I didn't even think about
> that.

After Osorio provided these race-neutral explanations, the court responded:

> I don't think either - - I don't think the grounds asserted for the
> defense's use of peremptory strikes for Jurors No. 12 and 17 are
> sufficient to overcome the <u>Batson</u> objection by the
> Commonwealth. The defense had an opportunity to question those
> jurors. If you were concerned at all, it had to be made known,
> verbal responses to any of the questions, and I don't believe that
> anything can be discerned from the way they've been sitting here.

The trial court again asked the Commonwealth for a response, and the prosecutor stated,

"Your Honor, once again, we have three out of five strikes for black jurors." The trial court

sustained the <u>Batson</u> objection, and a jury was empanelled. Osorio was convicted of first-degree

murder and use of a firearm during the commission of that felony.

### III. <u>Analysis</u>

Osorio claims the trial court erred in sustaining the Commonwealth's objection to his use

of peremptory strikes based on the rule set forth in <u>Batson</u>, 476 U.S. 79. Osorio maintains he

---

> (C) The parties or their counsel, beginning with the attorney for the
> Commonwealth, shall alternately strike off one name from the
> panel until the number remaining shall be reduced to the number
> required for a jury.

provided race-neutral justifications sufficient to overcome any suggestion of purposeful discrimination.

On appeal, "a trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous." Snyder v. Louisiana, 552 U.S. 472, 477 (2008). "This deference stems from our recognition that 'a trial judge who personally observes a juror, including the juror's tenor, tone, and general demeanor, is in a better position than an appellate court to determine whether a particular juror should be striken.'" Hopson v. Commonwealth, 52 Va. App. 141, 151, 662 S.E.2d 88, 92 (2008) (quoting Teleguz v. Commonwealth, 273 Va. 458, 475, 643 S.E.2d 708, 719 (2007)).

The "'best evidence [of discriminatory intent] often will be the demeanor of the attorney who exercises the challenge.'" Snyder, 552 U.S. at 477 (quoting Hernandez v. New York, 500 U.S. 352, 369 (1991) (plurality opinion)). The court also evaluates the non-moving party's behavior and its race-neutral explanations, which often "invoke a juror's demeanor (*e.g.,* nervousness, inattention)." Id. These behavioral considerations lie "'peculiarly within a trial judge's province,'" id. (quoting Hernandez, 500 U.S. at 365), and "absent a showing of 'manifest error,' we will not overturn the trial court's exercise of its discretion during voir dire," Hopson, 52 Va. App. at 152, 662 S.E.2d at 92 (citing Juniper v. Commonwealth, 271 Va. 362, 401, 626 S.E.2d 383, 408 (2006)).

Here, the trial court ruled, "I don't think the grounds asserted for the defense's use of peremptory strikes . . . are sufficient to overcome the Batson objection by the Commonwealth. . . . I don't believe that anything can be discerned from the way they've been sitting here." While the behavior of potential jurors can provide a legitimate, race-neutral reason for exercising a peremptory challenge, Batson, 476 U.S. at 89, the trial court made a factual finding that nothing about the behavior of either challenged juror was out of the ordinary. There is nothing in

the record to suggest the trial court's finding was clearly erroneous. "Obvious human characteristics such as age, sex, race and demeanor are generally discernible and apparent to anyone present in the courtroom . . . [and] [t]hough not precisely recited in the record, such facts and circumstances attendant to jury selection presented an array of sensory perceptions to the trial judge which were relevant and appropriate considerations" to the trial court's disposition of the Commonwealth's motion. Barksdale v. Commonwealth, 17 Va. App. 456, 461, 438 S.E.2d 761, 764 (1993) (en banc).

The trial judge personally observed the challenged jurors and nonetheless found nothing noteworthy about the behavior of either. Under these circumstances, we cannot say the trial court's decision to sustain the Batson challenge was clearly erroneous.

IV. Conclusion

For the foregoing reasons, we affirm Osorio's convictions.

Affirmed.